IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREAT LAKES INSURANCE SE, | : |
| | : |
| Plaintiff | : |
| v. | : 3:21-CV-2066 |
| | : (JUDGE MARIANI) |
| ROBERT HELME d/b/a | : |
| MMR SERVICES, INC., | : |
| | : |
| Defendant | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is the Motion for Entry of Default Judgment (Doc. 9) by Plaintiff Great Lakes Insurance SE (hereinafter "Great Lakes"). For the reasons discussed below, the Court will grant Plaintiff's motion.

On December 9, 2021, Great Lakes filed a Complaint for Declaratory Judgment against Defendant Robert Helme d/b/a MMR Services, Inc. (Doc. 1).

The record demonstrates that Robert Helme d/b/a MMR Services, Inc. was personally served with the Summons and Complaint for Declaratory Judgment on December 17, 2021. (Doc. 6). However, no attorney has entered an appearance on behalf of the defendant nor has the defendant filed a pleading or performed any other action to otherwise defend the case. Thus, on February 2, 2022, Plaintiff filed a Request for Entry of Default (Doc. 7) pursuant to Federal Rule of Civil Procedure 55(a). The Clerk of Court entered default against the defendant on February 8, 2022. (Doc. 8).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

In determining whether to grant a motion for default judgment, a Court must consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

### III. ANALYSIS

Here, Plaintiff Great Lakes has satisfied all of the requirements necessary to obtain a default judgment against Defendant.

Under the Declaratory Judgment Act ("DJA"), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The existence of a 'case or controversy' is a condition precedent to the proper exercise of judicial power by a federal court and the Declaratory Judgment Act cannot relax that constitutional requirement." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1153 (3d Cir. 1995).

The well-pleaded factual allegations of the Complaint, which the Court takes as true, *see DIRECTV*, 431 F.3d at 165 n. 6, are set forth below.

Plaintiff is a foreign company with a principal place of business in Munich, Germany. Defendant is a citizen of Pittston, Pennsylvania. (Doc. 1, ¶¶ 1-2). The Complaint is thus before this Court on the basis of diversity jurisdiction.

This matter arises out of an accident on August 16, 2021 at a property located at 509 Skytop Drive, Harding, Pennsylvania, where Edward Koch was allegedly working as an independent contractor for Robert Helme and MMR Services, Inc. and was hired to remove trees from the property. Koch alleges that he was severely injured while he was performing the work for Robert Helme and MMR Services, Inc. (Doc. 1, ¶¶ 8-10). On November 15,

2021, as a result of his alleged injuries, Edward and Deborah Koch filed a Complaint in the Pennsylvania Court of Common Pleas of Luzerne County against Robert Helme and MMR Services. (*Id.* at ¶ 11; *see also*, Doc 1-2 (Underlying Complaint)). This underlying complaint forms the basis of the present action.

The Underlying Complaint avers that Edward Koch was an independent contractor hired by Robert Helme and MMR Services to remove trees from the property. It avers that Robert Helme and MMR Services, Inc. were negligent for failing to properly train its workers, including Koch; failing to provide a safe jobsite for its workers, including Koch; and failing to provide Koch with safety equipment. It further alleges that as a result of the negligence of Robert Helme and MMR Services, Inc., Koch sustained serious physical and bodily injuries. The Underlying Complaint also asserts loss of consortium claims by Deborah Koch as a result of the injuries sustained by Edward Koch. (Doc. 1, ¶¶ 11-15; *see also, generally*, Doc. 1-2).

Great Lakes issued Robert Helme d/b/a MMR Services, Inc. a Commercial General Liability policy, number GLSP010678 (the "Policy") effective from July 31, 2021 to July 31, 2022. (Doc. 1, ¶ 16; *see also*, Doc. 1-3 ("Commercial Lines Policy")). In relevant part, the Commercial General Liability Coverage Form of the Policy states:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(Doc. 1, ¶ 17; Doc. 1-3, at 5). The Policy also includes the following exclusions:

> **2. Exclusions**
> This insurance does not apply to:
>
> . . .
>
> **d. Workers' Compensation And Similar Laws**
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law.
>
> **e. Employer's Liability**
> "Bodily injury" to:
> (1) An "employee" of the insured arising out of and in the course of:
>    (a) Employment by the insured; or
>    (b) Performing duties related to the conduct of the insured's business; or
>
> . . .
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".
>
> . . .

(Doc. 1, ¶ 18; Doc. 1-3, at 6).

The Policy further contains an Injury to Independent Contractors or Subcontractors and Their Workers Exclusion which states:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

The following exclusion is added to Paragraph **2. Exclusions of SECTION I – COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** and, to Paragraph **2. Exclusions of SECTION I – COVERAGE B – PERSONAL AND ADVERTISING INJURY:**

**2. Exclusions**
This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" sustained by:
   (1) Any independent contractor or subcontractor hired by you or on your behalf; or
   (2) Any employee, leased worker, casual worker, temporary worker, or volunteer worker of any independent contractor or subcontractor hired by you or on your behalf.

This exclusion applies:
   (1) Whether the insured may be liable as an employer or in any other capacity;
   (2) To any obligation to share damages with or repay someone else who must pay damage of the injury; or
   (3) To liability assumed by the insured under an "insured contract".

An independent contractor or subcontractor will be considered to be hired by you or on your behalf if the independent contractor or subcontractor was hired directly by any insured or was hired by another independent contractor or subcontractor who was hired by any insured.

(Doc. 1, ¶ 19; Doc. 1-3, at 40).

On the basis of the Policy, Robert Helme d/b/a MMR Services, Inc. has demanded insurance benefits from Great Lakes for the claims asserted in the underlying complaint. (Doc. 1, ¶ 20). On December 2, 2021, Great Lakes issued a Disclaimer/Denial of Coverage letter to Robert Helme d/b/a MMR Services, Inc. relying on various policy provisions, exclusions, and endorsements. (*Id.* at ¶ 21). Great Lakes thereafter filed the present Complaint for Declaratory Judgment (Doc. 1) on December 9, 2021.

Plaintiff's factual allegations are supported by the following exhibits attached to the Complaint: (A) the underlying Complaint in the Court of Common Pleas of Luzerne County by Plaintiffs Edward Koch and Deborah Koch against Defendant Robert Helme and MMR Services, Inc. (Doc. 1-2), and (B) the Commercial General Liability policy, Policy Number GLSP010678, issued by Great Lakes Insurance SE to Robert Helme d/b/a MMR Services (Doc. 1-3).

Great Lakes' Complaint requests relief in the form of a Court order declaring as follows:

> a. Plaintiff Great Lakes has no duty under Policy No. GLSP010678 to defend or to pay defense costs to or on behalf of Robert Helme and/or MMR Services, Inc. with regard to the claims asserted against Robert Helme and MMR Services, Inc. in the underlying Complaint by Edward and Deborah Koch arising from injuries allegedly sustained on August 16, 2021;
>
> b. Plaintiff Great Lakes has no duty under Policy No. GLSP010678 to indemnify Robert Helme and/or MMR Services, Inc. with regard to the allegations in the Underlying Complaint, or any other action asserted by any party as a result of the August 16, 2021 accident;

      c. Plaintiff Great Lakes has no duty under Policy No. GLSP010678 to pay any monies to or on behalf of Robert Helme and/or MMR Services, Inc. with regard to the Underlying Complaint or on any other action asserted by any other party as a result of the accident of August 16, 2021; and

      d. Such further relief as deemed appropriate by the Court.

(Doc. 1, at 8-9).

      In considering the factors necessary to decide whether default judgement is appropriate, the Court first notes that the record demonstrates that Robert Helme d/b/a MMR Services, Inc. was personally served with the Summons and Complaint for Declaratory Judgment on December 17, 2021 (Doc. 6). Since that time, the defendant has not filed any pleading or performed any other action to otherwise defend the case. The Clerk of Court thus entered default against the defendant on February 8, 2022. (Doc. 8). Plaintiff's counsel thereafter advised Defendant of the entry of default by certified mail, regular mail, and e-mail on February 8, 2022 (*see* Doc. 9-1).

      With respect to the prejudice to Great Lakes if default is denied, this factor weighs in favor of the plaintiff. Absent the default judgment, the plaintiff will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate its claims against the defaulting party, including a determination of whether it must defend and indemnify Robert Helme d/b/a MMR Services in the underlying state court action.

      As to whether the defendant appears to have a litigable defense, this factor also weighs in favor of Great Lakes. "The showing of a meritorious defense is accomplished

when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, the defendant has not filed an answer or performed any other action to defend the case or set forth any meritorious defenses. In the absence of any response by Defendant, the Court is unable to determine the viability of one or more possible defenses which may constitute a complete defense in this action. *See e.g., Joe Hand Promotions, Inc. v. Yakubets*, 3 F.Supp.3d 261, 271-272 (E.D. Pa. 2014) ("[O]utside of the court's obligation to decide whether it has jurisdiction and whether the complaint states a claim, the court may presume that an absent defendant who has failed to answer has no meritorious defense, *e.g., Doe v. Simone,* No. 12-5825, 2013 WL 3772532, at *5 (D.N.J. July 17, 2013), because '[i]t is not the court's responsibility to research the law and construct the parties' arguments for them'") (quoting *Econ. Folding Box Corp. v. Anchor Frozen Foods Corp.,* 515 F.3d 718, 721 (7th Cir. 2008)).[1]

The third factor, whether the defendant's delay is due to culpable conduct, also weighs in favor of Great Lakes. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d

---

[1] Upon review of the Complaint for Declaratory Judgment (Doc. 1), the attachments thereto of which the Court can properly consider (*see e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)), as well as Plaintiff's brief in support of its motion for default judgment (Doc. 9-3), the Court is satisfied that it has jurisdiction in the present case and that Great Lakes' Complaint has stated a claim for declaratory relief under the Declaratory Judgment Act.

9

Cir. 1983). Although the Court is reluctant to attribute bad faith to the defaulting defendant, Robert Helme d/b/a MMR Services, Inc. has been on notice of this action since, at the latest, December 17, 2021, when he was personally served with the Summons and Complaint. (*See* Doc. 6). Thus, the defendant has failed to respond or take any other action to defend this lawsuit for approximately one year. The fact that Defendant was also notified by mail and email of the entry of default in February of 2022, over ten months ago, and continued to not take any action further demonstrates a deliberate decision to not defend against Great Lakes' action. Thus, the record evidence leads to the conclusion that Defendant's lack of action amounts to deliberate and willful conduct. *See e.g., Eastern Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 657 F.Supp.2d 545, 554 (E.D. Pa. 2009) (finding defendant's conduct to be "culpable" where defendants were served with all pleadings and other documents and defendants did not engage in litigation process or offer any reason for their "failure or refusal" to do so and further explaining that "for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative.").

Therefore, the Court concludes that Plaintiff is entitled to the entry of default judgment pursuant to Fed. R. Civ. P. 55(b) and judgment will be entered against Robert Helme d/b/a MMR Services, Inc.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Motion for Entry of Default Judgment (Doc. 9) by Plaintiff Great Lakes Insurance SE and enter default judgment against Robert Helme d/b/a MMR Services, Inc. for the requested declaratory relief.

*[signature]*

Robert D. Mariani
United States District Judge